**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROMELIA PETIT,**

                  **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-721-Orl-31GJK**

**SOUTH FLORIDA EXPRESS BANKSERV,**
**INC.,**

                  **Defendant.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Romelia Petit ("Plaintiff"), Motion to Dismiss Affirmative Defenses (the "Motion" or the "Motion to Strike") (Doc. 37), which the Court has construed as a Motion to Strike Affirmative Defenses, Defendant's, South Florida Express Bankserv, Inc. ("Defendant"), response in opposition to the Motion (the "Response") (Doc. 37), and Defendant's Motion to Strike (Doc. 39).

**I. Background**

Plaintiff filed this Fair Labor Standards Act (the "FLSA")[1] suit on May 2, 2008, alleging, *inter alia*, that Defendant failed to pay Plaintiff minimum wages and overtime compensation during the past three years (Doc. 1). In her Motion, Plaintiff argues that Defendant's First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Affirmative Defenses should be stricken because these defenses are insufficient as a matter of law.

---

[1] *See* 29 U.S.C. § 201 *et seq.*

In its Response, Defendant has agreed to withdraw its Eighth and Tenth Affirmative Defenses (Doc. 8). With respect to its remaining affirmative defenses, however, Defendant contends, *inter alia*, that Plaintiff's Motion is untimely pursuant to FED. R. CIV. P. 12(f) inasmuch as Plaintiff failed to file her Motion within twenty (20) days of being served with Defendant's Answer and Affirmative Defenses (Doc. 38 at 3).

The Court addresses these arguments, *infra*. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Standard of Review

It is well settled within the Eleventh Circuit that motions to strike are generally disfavored. *See*, *e.g.*, *Great Am. Assur. Co. v. Elliott*, Case No. 03:09-cv-77, 2009 WL 1653573, at *1 (M.D. Fla. 2009) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Ctrs. East, LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Secs. Litig.*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999)). Nevertheless, Rule 12 provides, in pertinent part, that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A "court will not exercise its discretion under [Rule 12(f)] to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Indeed, "An affirmative defense will only be stricken...if the defense is 'insufficient as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quotations omitted). While there are no "hard and fast rules for determining what constitutes an insufficient defense," *Reyher*, 881 F. Supp. at 576 (M.D.

Fla. 1995), an affirmative defense is generally insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683 (M.D. Fla. 2002). Furthermore, "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher*, 881 F. Supp. at 576 (M.D. Fla. 1995). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Id*.

**III. Analysis**

As Defendant points out, Plaintiff filed her Motion to Strike on June 4, 2009 – nearly one year after Defendant filed its Answer and Affirmative Defenses (Doc. 38 at 3). Pursuant to FED. R. CIV. P. 12(f), however, a motion to strike must be filed within twenty (20) days of being served with a party's responsive pleading. Accordingly, Defendant argues that Plaintiff's Motion is untimely.

Plaintiff responds by suggesting that the Court's standard FLSA Scheduling Order – which is entered in every FLSA suit brought in the Orlando Division of the Middle District – prohibits all motion practice until all attempts at settlement have failed (Doc. 37 at 1, n. 1 and 2, n. 2, citing *Urshan v. Orlando Utils. Comm.*, Case No. 06:08-cv-2029 (M.D. Fla. 2008) (Doc. 18) (denying without prejudice a motion to strike affirmative defenses because the Orlando Division's FLSA Scheduling Order "effectively limits any motions practice until the conclusion of attempts to settle have failed")).

Upon review, the Court finds that Plaintiff's Motion to Strike is untimely. Notwithstanding Judge Baker's Order in the *Urshan* case, this Court has not had occasion to

address whether its standard FLSA Scheduling Order prohibits some, or even all, motion practice until settlement efforts have been exhausted. The Court need not answer that question today. Even assuming, *arguendo*, that the standard FLSA Scheduling Order prohibits all motion practice until settlement efforts have been exhausted, the parties filed a "Report Regarding Settlement" on October 15, 2008, in which they represented to the Court that they had "exhausted all settlement efforts" (Doc. 15). Furthermore, the parties filed their Case Management Report on January 16, 2009 (Doc. 31) and the Court entered its Case Management and Scheduling Order on January 21, 2009 (Doc. 32). Irrespective, then, of whether the standard FLSA Scheduling Order prohibits some or all motion practice until settlement efforts have been exhausted, motion practice clearly resumed no later than January 21, 2009 (if not earlier). Pursuant, then, to FED. R. CIV. P. 12(f), Plaintiff's Motion to Strike should have been filed no later than Friday, February 13, 2009. Accordingly, Plaintiff's Motion to Strike is untimely and will denied.

**III. Conclusion**

Based on the foregoing, it is **ORDERED** that Plaintiff Romelia Petit's Motion to Strike (Doc. 37) is **DENIED**. It is **FURTHER ORDERED** that Defendant South Florida Express Bankserv, Inc.'s Motion to Strike (Doc. 39) is **DENIED** as **MOOT**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 25, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE